<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ECUADORIAN RAINFOREST, LLC, | Civil No.: 22-cv-01856 (KSH) (ESK) |
| *Plaintiff*, | |
| v. | |
| TFORCE FREIGHT, INC., | <u>**OPINION**</u> |
| *Defendant*. | |

<u>**Katharine S. Hayden, U.S.D.J.**</u>

**I.    Introduction**

In this matter, plaintiff Ecuadorian Rainforest, LLC ("Rainforest") has asserted common law claims against defendant TForce Freight, Inc. ("TForce") arising from its alleged failure to deliver exhibition materials to a trade show in Las Vegas, Nevada. Presently before the Court is TForce's motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) on grounds that Rainforest's claims are preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 (the "Carmack Amendment") and the Federal Aviation Administration Authorization Act, 49 U.S.C. § 14501(c) (the "FAAAA"). The motion is fully briefed, and the Court decides it without oral argument pursuant to L. Civ. R. 78.1.

**II.    Background**

The facts are gleaned from the complaint. (D.E. 1-2, Compl.) Plaintiff Rainforest is a New Jersey limited liability company and supplier of "high-quality, all natural fruit, herb, marine, spice and vegetable ingredients." (Compl. ¶ 1.) In July 2021, it purchased a two-day exhibitor's booth for SupplySide West 2021, an annual industry trade show in Las Vegas, Nevada. (*Id.* ¶¶ 5-7.) In preparation for the trade show, Rainforest secured promotional and

1

construction materials for its booth and retained defendant TForce, described in the complaint as "a common carrier and bailee for hire," to ship them from New Jersey to Las Vegas.[1] (*Id.* ¶¶ 2, 9, 11.) The materials were scheduled to arrive in Las Vegas on October 20, 2021, at which time they would be stored in a designated area until the start of the trade show on October 25, 2021. (*Id.* ¶¶ 5, 13, 15.)

When Rainforest's representative landed in Las Vegas on October 25, he could not locate the materials. (*Id.* ¶¶ 14, 16.) Although TForce initially represented that the materials had already arrived, it admitted two days later that they were hundreds of miles away in Minnesota and would not arrive in Las Vegas before the trade show was over. (*Id.* ¶¶ 14, 17.) As a result, Rainforest was unable to outfit its booth. (*Id.* ¶ 20.)

On February 28, 2022, Rainforest filed a complaint in Passaic County asserting common law causes of action for breach of contract (count 1), breach of the covenant of good faith and fair dealing (count 2), breach of bailment (count 3), and negligence (count 4) arising from TForce's failure to deliver the materials to Las Vegas in accordance with the parties' bill of lading.[2] (*Id.* ¶¶ 22-42.) Although Rainforest did not formally assert a cause of action under the Carmack Amendment, it alleged that the state court had jurisdiction over the dispute because "[t]he claims alleged in this complaint contain a cause of action for no[n]-delivery of cargo under the Carmack Amendment[.]" (*Id.* ¶ 4.) On April 1, 2022, TForce removed the case to this Court

---

[1] The parties executed a bill of lading in connection with the delivery, with Rainforest as shipper and TForce as carrier. (*Id.* ¶ 12.)

[2] The complaint seeks damages for "unnecessary expenses on travel to/from the [trade show], cost of lodging, the fees for the booth at the [trade show], the cost of promotional materials and catalogues . . . and the cost to retrieve the [materials] from Burnsville, Minnesota," as well as damages for "the business opportunities [Rainforest] would have gained from marketing itself at the [trade show]." (*Id.* ¶ 21.)

on grounds that "[t]he allegations [in the complaint] for cargo loss while in transport in interstate commerce are exclusively governed by [f]ederal law, namely the Carmack Amendment[.]"  (D.E. 1 ¶ 7.)

TForce has now moved to dismiss under Fed. R. Civ. P. 12(b)(6) on grounds that the complaint, which asserts common law causes of action only, must be dismissed as preempted by the Carmack Amendment and the FAAAA.  (D.E. 6-1, Mov. Br.)  In opposition, Rainforest argues that its claims are not preempted but, even if they are, dismissal with prejudice would be inappropriate because the complaint informally alleges a cause of action under the Carmack Amendment.[3]  (D.E. 24, Opp. Br.)  In reply, TForce urges the Court to dismiss the complaint with prejudice.  (D.E. 25, Reply Br.)

### III. Discussion

#### A. Standard of Review

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept as true all allegations in the complaint, as well as all reasonable inferences that can be drawn therefrom. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The factual allegations in the complaint must be viewed in the light most favorable to the plaintiff.  *See Phillips v. County of Alleghany*, 515 F.3d 224, 233 (3d Cir. 2008).  To survive a motion to dismiss, a plaintiff must "plead more than the possibility of relief."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  The Court will "disregard legal conclusions and

---

[3] Because Rainforest requested several extensions, it took approximately five months for the parties to fully brief the motion.  (*See* D.E. 7, 9, 14, 16, 18, 20, 22.)  To avoid further delay, the Court's accompanying order will direct Magistrate Judge Kiel to set deadlines for prompt dispositive motion practice during the scheduled November 7, 2022 status conference.  (D.E. 27.)

'recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

### B. Carmack Amendment Preemption

TForce argues that the complaint must be dismissed because Rainforest's common law claims are preempted by the Carmack Amendment. The parties' submissions to date demonstrate that both sides are fully familiar with that statutory scheme.

The Carmack Amendment was enacted by Congress to "comprehensively address[] interstate carrier liability." *Certain Underwriters at Int. at Lloyds of London v. United Parcel Serv. of Am., Inc.*, 762 F.3d 332, 334 (3d Cir. 2014). It "allows an interstate motor carrier to limit its liability to a value established by a written declaration or agreement of the shipper." *United Van Lines, LLC v. Lohr Printing*, 2014 WL 3556483, at *4 (D.N.J. July 18, 2014) (Thompson, J.). The rule is that an interstate carrier is strictly liable for damages up to "the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) [certain intermediary carriers]," 49 U.S.C. § 14706(a)(1), though a shipper may agree to limit the carrier's liability in accordance with certain conditions, *see* 49 U.S.C. § 14706(c)(1)(A). In the event of a loss, shippers may bring a private cause of action to recover those damages. *See* 49 U.S.C. § 14706(d).

The Carmack Amendment reflects a compromise between shippers and carriers—"[i]n exchange for making carriers strictly liable for damage to or loss of goods, carriers obtained a uniform, nationwide scheme of liability, with damages limited to actual loss[.]" *Lloyds of London*, 762 F.3d at 335. Its preemptive force is thus expansive and "covers 'all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation' and preempts all state law claims for the same." *Raineri v. N. Am. Van Lines, Inc.*, 906 F. Supp. 2d

334, 340 (D.N.J. 2012) (Cooper, J.) (quoting *Georgia, F. & A. Ry. Co. v. Blish Milling Co.*, 241 U.S. 190, 196 (1916)). Accordingly, courts routinely dismiss "state and common law claims for breach of contract, negligence, conversion and every other action for loss of or injury to a shipment of goods." *Lloyds of London*, 762 F.3d at 336.

      Here, Rainforest has asserted common law causes of action for breach of contract, breach of the covenant of good faith and fair dealing, breach of bailment, and negligence, all of which arise from TForce's failure to deliver materials to the trade show in accordance with the parties' bill of lading. As TForce points out, courts in the Third Circuit have historically and regularly dismissed such common law claims on grounds that they fall squarely within the Carmack Amendment's preemptive sweep. *See Lloyds of London,* 762 F.3d at 336-37 (affirming district court's finding that breach of contract, negligence, and conversion claims were preempted under Carmack Amendment); *see also United Van Lines, LLC*, 2014 WL 3556483, at *8-9 (holding that breach of contract and breach of good faith and fair dealing claims were preempted under Carmack Amendment); *Louisiana Transp. v. Cowan Sys., LLC*, 2012 WL 1664120, at *3 (D.N.J. May 10, 2012) (Cecchi, J.) (finding that plaintiff's claims for, *inter alia*, breach of contract and *quantum meruit* were "covered under the scope of the Carmack Amendment" and therefore preempted); *Usinor Steel Corp. v. Norfolk S. Corp.*, 308 F. Supp. 2d 510, 518 (D.N.J. 2004) (Brotman, J.) (construing plaintiff's plea for relief as one for "actual losses" under the Carmack Amendment and therefore disposing of breach of contract, breach of bailment, conversion, and negligence claims). This Court will follow suit.

      Rainforest's only substantive argument in opposition is that its breach of contract (count 1) and breach of the covenant of good faith and fair dealing (count 2) claims should survive the instant motion because "[t]he Carmack Amendment does not preclude contract damages." (Opp.

Br. at 4-6.) Perplexingly, Rainforest's cited cases do not support that proposition. *See Lloyds of London,* 762 F.3d at 336 (reaffirming prior holding that "state law breach of contract . . . claims against a carrier for loss of or damage to goods are preempted"); *Paper Magic Grp., Inc. v. J.B. Hunt Transp., Inc.*, 318 F.3d 458, 462 (3d Cir. 2003) (addressing lawsuit for lost shipment where only cause of action alleged was for carrier liability under the Carmack Amendment—not additional common law causes of action). Satisfied from its own research that the Carmack Amendment preempts contract and non-contract claims alike, the Court dismisses counts 1 through 4 as preempted by the Carmack Amendment.[4]

## IV.  Conclusion

For the foregoing reasons, TForce's motion to dismiss (D.E. 6) is granted. Rainforest may amend the complaint within 20 days to formally assert a cause of action for carrier liability under the Carmack Amendment. An appropriate order will issue.

Date: October 12, 2022

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.

---

[4] Having so ruled, the Court need not reach TForce's alternative FAAAA preemption argument. However, it notes for completeness that courts in the Third Circuit have dismissed similar common law claims on FAAAA preemption grounds. *See AMG Res. Corp. v. Wooster Motor Ways, Inc.*, 2019 WL 192900, at *4 (D.N.J. Jan. 14, 2019) (Wigenton, J.), *aff'd,* 796 F. App'x 96 (3d Cir. 2020) (finding that FAAAA preempted plaintiff's claims for, *inter alia*, negligence and breach of the covenant of good faith and fair dealing); *Alpine Fresh, Inc. v. Jala Trucking Corp.*, 181 F. Supp. 3d 250, 257 (D.N.J. 2016) (Hayden, J.) (dismissing negligence and breach of bailment claims on FAAAA preemption grounds).